# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

PENSION BENEFIT GUARANTY CORPORATION )
1200 K Street, N.W. )
Washington, DC  20005-4026, )
)
       Plaintiff, )
)
v. )
) Case No.
REMINGTON ARMS COMPANY, LLC )
as Plan Administrator for the )
Remington Arms Company, LLC Pension and )
Retirement Plan )
100 Electronics Boulevard SW )
Huntsville, AL 35824, )
)
       Defendant. )

## COMPLAINT FOR PENSION PLAN TERMINATION

   This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2018)("ERISA").  Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§ 1342 (a)(2), 1342(c) and 1348(a)(4), seeking an order (a) terminating the Remington Arms Company, LLC Pension and Retirement Plan (the "Plan"); (b) appointing PBGC as statutory trustee of the Plan; (c) establishing November 30, 2020, as the termination date of the Plan; and (d) directing the Defendant and any other person or entity having possession, custody or control of any of the records, assets, or other property of the Plan, to transfer, convey and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

## JURISDICTION AND VENUE

   1.  This Court has exclusive jurisdiction of this action, without regard to the amount in controversy, pursuant to 29 U.S.C. §§ 1303(e)(3), 1342(c), and 1342(e) and (f).

2. Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. Plaintiff, PBGC, is an agency and a wholly owned United States government corporation established under 29 U.S.C. §1302(a) to administer the pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321(a), 1322.

4. Defendant, Remington Arms Company, LLC ("Remington Arms"), is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Electronics Boulevard SW, Huntsville, AL 35824. Remington Arms is the administrator of the Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1).

## THE PENSION PLAN

5. The Plan is a single-employer defined benefit pension plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

6. Remington Arms is the contributing sponsor of the Plan within the meaning of 29 U.S.C. § 1301(a)(13).

7. Remington Arms is the administrator of the Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1).

8. The Plan was established effective December 1, 1993 and, as of the proposed date of plan termination, had 2,661 participants.

## CAUSE OF ACTION

9. On July 27, 2020, Remington Arms and its corporate parents and subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama. Thereafter, the Debtors engaged in a process to sell substantially all their assets under section 363 of the Bankruptcy Code.

10. On September 29, 2020, the Bankruptcy Court held a hearing to approve the sale of Debtors' operating assets to the seven successful bidders. Orders approving the assets sales were entered on September 30, 2020, October 16, 2020 and October 30, 2020. The last of the asset sales closed on November 23, 2020.

11. None of the successful bidders assumed the Plan, and it remains a liability of Remington Arms.

12. On November 30, 2020, Remington Arms was a contributing sponsor of the Plan within the meaning of 29 U.S.C. § 1301(a)(13).

13. Remington Arms is a member of a controlled group, within the meaning of 29 U.S.C. § 1301(a)(14), with the other Debtors. Controlled group members have joint and several liability for pension liabilities of a pension plan. IRC § 412(b)(1) & (2) (2009); 29 U.S.C. §§ 1307(e)(2), 1362(a). Because Remington Arms and its controlled group members sold substantially all their assets and are merely liquidating bankruptcy estates that are incapable of contributing to or administering the Plan, the Plan will be abandoned and unable to pay benefits when due. Therefore, the Plan must be terminated.

14. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines that, *inter alia*, pursuant to 29 U.S.C. § 1342(a)(2), the plan

will be unable to pay benefits when due.

15. PBGC has determined that: (i) pursuant to 29 U.S.C. § 1342(a)(2), the Plan will be unable to pay benefits when due; and (ii) the Plan must be terminated to protect the interests of the Plan's participants under 29 U.S.C. § 1342(c).

16. On January 11, 2021, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination ("Notice") to Remington Arms, as administrator for the Plan, notifying the company that PBGC had determined that the Plan will be unable to pay benefits when due under 29 U.S.C. §1342(a)(2) and that the Plan must be terminated under 29 U.S.C.§ l342(c) to protect the interests of Plan participants. The Notice further stated that PBGC intends to have the Plan terminated, to seek appointment as statutory trustee, and to establish November 30, 2020 as the Plan's termination date. An Agreement for Appointment of Trustee and Termination of Plan ("Trusteeship Agreement") was sent to Remington Arms with the Notice. A copy of the Notice and Trusteeship Agreement are attached hereto as Exhibits 1 and 2, respectively.

17. As of the date of this Complaint, Remington Arms has acknowledged receipt of the Notice and Trusteeship Agreement, but has not returned the signed Trusteeship Agreement to PBGC nor agreed to do so without significant modifications that would limit PBGC's statutory rights.

18. Pursuant to 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

19. PBGC has determined that termination of the Plan is necessary to protect the interests of participants.

20. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination. As of the date of this Complaint, the Plan administrator has neither agreed to nor disputed the proposed date of Plan termination.

21. November 30, 2020 should be established as the date of plan termination pursuant to 29 U.S.C. § 1348(a)(4) because it is the last date of the month in which the Debtors, including Remington Arms, completed the sale of substantially all their operating assets. By this date, the Plan's participants had constructive notice of the Plan termination, and no longer had any justifiable expectation of the Plan's continuance.

22. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(c) provides that PBGC may request that it be appointed as trustee of a plan in any case.

23. PBGC is ready, willing, and able to serve as statutory trustee of the Plan. PBGC has initiated the steps necessary to administer the Plan and to pay current retirees their benefits under the Plan in accordance with the provisions of Title IV of ERISA.

## RELIEF REQUESTED

WHEREFORE, PBGC respectfully requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating the Plan terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing November 30, 2020, as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Remington Arms and any other person or entity having possession,

custody or control of any records, assets or other property of the Plan, to transfer, convey and deliver all such records, assets, and property to PBGC pursuant to 29 U.S.C. § 1342(d)(1); and

    5.    Granting such other relief as this Court deems just and proper.

Dated: Washington, D.C.
         February 10, 2021

Respectfully submitted,

   s/ Andrew Philip Walker

F. RUSSELL DEMPSEY
General Counsel
KARTAR KHALSA
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant General Counsel
ANDREW PHILIP WALKER (NY Bar # 5451026)
Attorney

PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 229-6863
Fax: (202) 326-4138
E-mail: Walker.Andrew@pbgc.gov &
     efile@pbgc.gov

*Counsel for Plaintiff Pension Benefit Guaranty Corporation*